JOSEPH PAYNE, PROSECUTOR, v. WILLIAM GARDNER, POLICE JUSTICE OF THE TOWN OF DOVER, DEFENDANT.

Submitted November 29, 1929—Decided December 2, 1929.

Before Justice PARKER.

For the prosecutor, *Andrew Foulds, Jr.*

PARKER, J. On June 22d, 1929, the prosecutor was arrested by a police officer of the town of Dover and brought before the defendant, a police justice, on a charge of driving an automobile while under the influence of intoxicating liquor. A complaint was made out and signed and sworn to by the officer before the justice a short time after the arrest. The conviction, under the seal of the justice, as well as the record of his docket, shows that the prosecutor was arraigned, the complaint was read to him, and that he pleaded guilty of the charge of driving an automobile while under the influence of liquor; whereupon the justice imposed a fine of $200, which was paid, and revoked the prosecutor's license for two years.

This conviction is now attacked on *certiorari* on several grounds, which will be stated and disposed of in the order in which they are made in the prosecutor's brief.

The first ground is that no warrant was issued and that in the absence of a warrant, the police justice was without jurisdiction. In support of this, counsel cites *Brewster* v. *Wilson,* 3 *N. J. Mis. R.* 526, which seems so to hold; *VanWyck* v. *De Lorenzo, Ibid.* 529, which does not seem to decide the point; and *State* v. *Baker, Ibid.* 532, which also holds that unless there be a warrant, the justice acquires no jurisdiction. The same ruling was made by Judge Stein in the Union County Common Pleas in the case of *State* v. *Wilcox,* 2 *Id.* 320. However, counsel seems to overlook the fact that the case of State *v.* Baker went to the Court of Errors and Appeals and the decision is reported in 102 *N. J. L.* 349, where it was distinctly held that where the defendant himself submitted to the jurisdiction of the court he thereby waived the point that no warrant had been issued, the conviction would stand notwithstanding its absence. The first point, therefore, seems to be without substance.

The second point is that the complaint is defective in that it charges the offense in the disjunctive. An examination of the complaint shows that it charges that the prosecutor "did violate the provisions of subdivision 3 of section 14 of an act of the legislature of the State of New Jersey entitled," &c. (stating the title of the act), and more particularly of that part of said subdivision 3 which reads as follows: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any narcotic or habit-producing drugs * * *" in the following respect, to wit, that the said Joseph Payne did, on the 22d day of June, 1929, at, &c., being on a public highway, operate a motor vehicle while under the influence of intoxicating liquor or any narcotic or habit-producing drug [here follows an irrelevant clause about being examined by a physician], all of which is contrary to and in violation of said subdivision 3," &c.

The rule condemning disjunctive charges is well settled with respect to criminal indictments, but I am not willing to apply it to a summary proceeding of this character. In fact, the form of conviction provided by the act of 1923,

chapter 137, merely states that the party was convicted of violating a certain clause or a certain section of the act, and I am inclined to think that a complaint in this general language would be sufficient. However, it appears in the record that there was no question of the charge or the conviction. The record of the proceedings shows that the charge was driving while under the influence of intoxicating liquor, and that this was stated in the complaint. The same fact appears in the copy of the docket before me. In *State* v. *McCarty*, 99 *N. J. L.* 65, the complaint used the word "and" instead of "or," but no decision on this point was made. I am not prepared to set aside the conviction on this ground.

Point 3 is in four subdivisions. The general proposition is that the conviction is not in the statutory form. Subdivision (a) is that the conviction *as copied in the docket* states that "on this 22d day of 1929, officer Russell Vanderhoof came before me," &c. The offense is laid on the 22d day of June in the very next line. This is the record of the conviction in the docket. However, the conviction itself names the 22d day of June and I think any omission in this respect is cured by the repetition of this date throughout the proceedings.

The second subdivision is that "it does not state the date of the trial or conviction." This seems to be covered by what has just been said.

Subdivision (c) is that the conviction does not quote the title of the statute as required by the prescribed form. It states a violation of subdivision 3 of section 14 of "the State Motor Vehicle act of the State of New Jersey." This seems to be amply sufficient to identify the offense.

Subdivision (d) is that the conviction does not recite the names of the witnesses. This is true and for a very good reason, viz., that no witnesses were called and the defendant pleaded guilty.

My conclusion is that the writ should be dismissed.